IDA E. DEHMER, as Executrix of HENRY DEHMER, Deceased, Appellant, *v.* NEW YORK TELEPHONE COMPANY et al., Respondents.

*Negligence — telephone companies — occupant of vehicle struck by wire strung low over highway — failure of proof.*

Dehmer v. N. Y. Tel. Co., 208 App. Div. 745, affirmed.

(Argued October 19, 1925; decided November 24, 1925.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered February 11, 1924, affirming a judgment in favor of defendants entered upon a verdict in an action to recover for the death of plaintiff's testator alleged to have been occasioned through the negligence of defendant. The complaint alleged that while plaintiff's testator was riding on a motor truck along Fox Island road in the village of Port Chester he came in contact with one of defendant telephone company's wires which was strung across said road, pulled from the truck and killed. It was shown that other low wires crossed the highway and there was no direct proof that plaintiff's testator came in contact with said defendant's wire.

*Frederick P. Close* and *Henry K. Heyman* for appellant.

*John A. Delahanty, Benjamin F. Briggs, Cyrus F. Smythe* and *Charles T. Russell* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MC-LAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

ADOLPH PETERSON, Respondent, *v.* UNITED STATES SHIPPING BOARD EMERGENCY FLEET CORPORATION, Appellant.

*Negligence — master and servant — ships and shipping — seaman injured from fall through open hatchway.*

Peterson v. U. S. Shipping Board Emergency Fleet Corp., 209 App. Div. 824, affirmed.

(Argued October 19, 1925; decided November 24, 1925.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial

department, entered May 5, 1924, unanimously affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant, his employer. Plaintiff while employed as a seaman on one of the defendant's steamships in New York harbor, fell through an open hatchway and received the injuries complained of. It was alleged that the accident was caused by the negligence of defendant's boatswain in prematurely directing the replacement of hatch covers thus leaving plaintiff who was working between decks near the hatchway in darkness.

*Frederick H. Cunningham, Nathan A. Smyth* and *Ralph C. Greene* for appellant.

*John Winans* and *J. Arthur Seidman* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MC-LAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

VINCENZA RUSSO, Respondent, *v.* BUILDING OPERATION COMPANY, Appellant, Impleaded with Others.

*Negligence — elevators — open door into elevator shaft — injury from fall.*

*Russo* v. *Building Operation Co.*, 209 App. Div. 861, affirmed.
(Argued October 19, 1925; decided November 24, 1925.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered July 10, 1924, unanimously affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendants. Plaintiff while in the employ of a tenant in a loft building in charge of defendant, appellant, walked through an open elevator door upon the street level, intending to board the elevator, and fell to the bottom of the shaft, receiving the injuries complained of.